### In re CUTTING.

### In re HAMILTON'S WILL.

(Supreme Court, Appellate Division, First Department. March 17, 1899.)

TRUSTEES—DISCHARGE—INFANTS—GUARDIAN AD LITEM—ERRONEOUS APPOINTMENT.

> Where, in a proceeding by a trustee of an infant's estate to be discharged and for an accounting, the court erroneously appointed a person nominated by such trustee guardian ad litem for the infant, in violation of Gen. Prac. Rule 49, an order discharging the trustee, and appointing a referee to take and state his accounts, was invalid.

Appeal from special term, New York county.

Proceeding by William Bayard Cutting against Eleanor Margarette Hamilton and others to be discharged as trustee under the will of Charles Kennedy Hamilton, deceased. From an order granting the petition and appointing a referee to take and state his accounts, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Morris A. Tyng, for appellants.
J. Archibald Murray, for respondent.

INGRAHAM, J. The order appealed from was granted upon an order to show cause, a copy of which was served upon the beneficiary of the trust, Eleanor Margarette Hamilton, an infant over the age of 14 years. Louise Savage Tyng, the general guardian of the infant, appeared by counsel for the purpose of objecting to the granting of the motion, upon the ground, among others, that no proper guardian ad litem of such infant had been appointed. It appears by the record that the order to show cause having been served upon the infant, who was a beneficiary of the trust, upon the return day of such order to show cause neither the infant, nor any one on her behalf, applied to have a guardian ad litem appointed for her. The petitioner, therefore, presented a petition praying that a person named be appointed such guardian ad litem; and the court appointed such person who had been nominated by the petitioner, who was the adverse party to the infant. Upon an appeal from an order denying a motion to vacate such appointment, we have reversed the order, and vacated such appointment, as being in violation of rule 49 of the general rules of practice. 56 N. Y. Supp. 945. As the appointment

of this guardian ad litem was irregular, the court should not have granted the prayer of the petition until a proper guardian ad litem has been appointed for the infant beneficiary, upon whom the petition and order to show cause should be served, and who would have an opportunity to appear upon the application; and for that reason this order must be reversed, with $10 costs and disbursements, and the motion dismissed, with $10 costs. All concur.